Robert N. Phillips (CA State Bar No. 120970)
Jayne Laiprasert (CA State Bar No. 256930)
HOWREY LLP
525 Market St, Suite 3600
San Francisco, CA 94105
Telephone Number: (415) 848-4950
Facsimile Number: (415) 848-4999

Cecily A. Dumas (CA State Bar No. 111449)
FRIEDMAN DUMAS & SPRINGWATER LLP
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

Attorneys for Plaintiffs
FREDERIC SYLVESTER, CHEYENNE
SYLVESTER, TERRAY SYLVESTER, SHERIE
SYLVESTER, and JOCELYN SYLVESTER HERAIL

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>GREGORY F. GRIFFIN, an individual,<br><br>    Debtor. | Case No. 08-42426 (LJT)<br><br>Chapter 11 |
| FREDERIC SYLVESTER, individually and as trustee of the Frederic and Elizabeth Sylvester Trust dated May 19, 1990, CHEYENNE SYLVESTER, TERRAY SYLVESTER, SHERIE SYLVESTER, individually and as trustee of the Sherie Sylvester Trust dated May 2, 1994, and JOCELYN SYLVESTER HERAIL, individually and as trustee of the Herail Family Trust dated May 19, 1990,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GREGORY F. GRIFFIN, an individual,<br><br>    Defendant. | Adv. Proc. No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS<br>(11 U.S.C. § 523(a)(2) and (4)) |

Plaintiffs Frederic Sylvester, Sherie Sylvester, and Jocelyn Sylvester Herail, individually and as trustees of their respective trusts, and Cheyenne Sylvester and Terray Sylvester (collectively, the "Sylvester Plaintiffs") allege as follows:

## I.

## PARTIES

1. Plaintiff Frederic Sylvester is an individual residing in Olympic Valley, County of Placer, California, and is trustee of the Frederic and Elizabeth Sylvester Trust dated May 19, 1990.

2. Plaintiff Cheyenne Sylvester is an individual residing in Oakland, County of Alameda, California and is an adult daughter of Frederic Sylvester.

3. Plaintiff Terray Sylvester is an individual residing in Olympic Valley, County of Placer, California and is an adult son of Frederic Sylvester.

4. Plaintiff Sherie Sylvester is an individual residing in Los Angeles, California, and is trustee of the Sherie Sylvester Trust dated May 2, 1994.

5. Plaintiff Jocelyn Sylvester Herail is an individual residing in Tiburon, County of Marin, California, and is trustee of the Herail Family Trust dated May 19, 1990.

6. Frederic Sylvester, Sherie Sylvester, and Jocelyn Sylvester Herail are adult siblings.

7. Defendant Gregory F. Griffin ("Griffin") is an individual who resides in the city of Alamo, Contra Costa County, California and a debtor in the above-captioned Chapter 11 case.

## II.

## JURISDCTION AND VENUE

8. This adversary proceeding is a core proceeding in the above-captioned Chapter 11 case pursuant to 28 U.S.C. § 157(b)(2)(I) because it is a matter concerning the dischargeability of particular debts.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 24 of the United States District Court for the Northern District of California.

10. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1409(a).

## III.

## GENERAL ALLEGATIONS

11. The Sylvester Plaintiffs are informed and believe that Griffin is the owner and Chief Executive Officer of First Blackhawk Financial Corporation ("First Blackhawk") located at 4145 Blackhawk Plaza Circle, Danville, California.

12. At all times mentioned herein, Griffin has served as a private lending mortgage broker, investment advisor and fiduciary for the Sylvester Plaintiffs. The Sylvester Plaintiffs placed their trust in Griffin that he would at all times act openly, carefully and honestly in advising them on investment opportunities and protecting their assets. The Sylvester Plaintiffs relied on Griffin to look after their best interests in the course of placing loans on their behalf.

13. In his fiduciary capacity, Griffin has induced the Sylvester Plaintiffs to purchase fractional interests in various loans that Griffin has made and arranged for the benefit of third parties engaged in the business of buying and developing real estate. Griffin charged various fees and commissions for his services and thus personally benefited from the moneys invested by the Sylvester Plaintiffs.

14. The Sylvester Plaintiffs are informed and believe that Griffin did not at all times act in their best interests, and was not entirely open, careful and honest in his course of dealings with them. The Sylvester Plaintiffs are informed and believe that, among other things, Griffin: (1) used and misappropriated their money for unauthorized purposes; (2) falsely stated that certain of their loans would be adequately secured, when in fact there was no security or the security was inadequate; (3) failed to disclose that certain of their loans he solicited would be used for projects that were inadequately funded and would likely default; and (4) failed to disclose that certain of their loans he solicited would be used for projects

involving conduct by him that would likely result in litigation against the Sylvester Plaintiffs and require them to incur legal fees and costs to protect their interests. Had Griffin fulfilled his fiduciary obligations and been forthright and disclosed this material information, the Sylvester Plaintiffs would not have participated in or made at least the following investments or loans, and would not have incurred all of the losses they have suffered in connection therewith:

**Frederic Sylvester**

15. Griffin induced Frederic Sylvester to invest $200,000 in a project Griffin refers to as Barton Street. Frederic Sylvester is owed the full amount of principal, interest and attorneys' fees on Barton Street, and is incurring legal fees and costs in having to defend related state court litigation that was commenced as a result of alleged fraud and breaches of contract by Griffin.

16. Griffin induced Frederic Sylvester to invest $500,000 in a project Griffin refers to as Saratoga Avenue. Frederic Sylvester is now a part owner of Saratoga Avenue as a result of a nonjudicial foreclosure sale, and is incurring losses by virtue of incomplete construction, an undisclosed first deed of trust, and insufficient value of the property. In addition, Frederic Sylvester is incurring legal fees and costs in having to defend related state court litigation that was commenced as a result of alleged fraud and breaches of contract by Griffin.

17. Griffin induced Frederic Sylvester to invest $1,705,000 in a project Griffin refers to as Sargent Ranch. Frederic Sylvester is owed the full amount of principal, interest and attorneys' fees on Sargent Ranch.

18. In addition, Griffin induced Frederic Sylvester to loan Griffin the total sum of $250,000. Griffin promised Frederic Sylvester that the loan would be secured by a second deed of trust on Griffin's vacation home located at 678 14th Green Drive, Incline Village, Nevada ("Incline Village Property"). In reliance on Griffin's representations and promises, Frederic Sylvester loaned Griffin $250,000. In exchange, Griffin executed and delivered to Frederic Sylvester two Promissory Notes Secured By Deed of Trust, one in the

amount of $100,000, and the other in the amount of $150,000 ("the Notes"). True and correct copies of the Notes are attached hereto as Exhibits "A" and "B."

19. The Notes provide for repayment of the principal in one year (on July 5, 2007), along with interest at the rate of 12% per annum. The Notes further provide for payment of a late charge in the amount of 10% of any payment that is delinquent for more than 10 days. The Notes further provide for payment of Frederic Sylvester's reasonable attorneys' fees and costs incurred in attempting to collect on the loan.

20. In connection with the loan, Griffin also executed and delivered to Frederic Sylvester a copy of a Deed of Trust which, based upon Griffin's representations and promises, Sylvester reasonably believed was a second deed of trust against the Incline Village Property ("the Incline Village Deed of Trust"). Griffin retained the original of the Incline Village Deed of Trust, ostensibly to duly record it with the County Recorders Office in order to perfect Sylvester's security interest. A true and correct copy of the Incline Village Deed of Trust is attached hereto as Exhibit "C."

21. On or about July 5, 2007, Griffin requested from Frederic Sylvester an extension of time to repay the Notes. Frederic Sylvester granted Griffin a six month extension of time to January 5, 2008.

22. In or around March 2008, Frederic Sylvester discovered that the Incline Village Property was listed for sale by Griffin, was subject to a foreclosure proceeding by another lender, and that Griffin never recorded the Incline Village Deed of Trust with the County Recorders Office. Frederic Sylvester further discovered that subsequent to sending Frederic Sylvester the copy of the Incline Village Deed of Trust, Griffin borrowed money from several other lenders, and recorded four other deeds of trust securing loans totaling over $800,000 against the Incline Village Property, thereby rendering Frederic Sylvester's promised second deed of trust worthless.

**Cheyenne Sylvester**

23. Griffin induced Cheyenne Sylvester, through her father Frederic Sylvester, to invest $100,000 in Saratoga Avenue. Cheyenne Sylvester is now a part owner of

Saratoga Avenue as a result of a nonjudicial foreclosure sale, and is incurring losses by virtue of incomplete construction, an undisclosed first deed of trust, and insufficient value of the property. In addition, Cheyenne Sylvester is incurring legal fees and costs in having to defend related state court litigation that was commenced as a result of alleged fraud and breaches of contract by Griffin.

### Terray Sylvester

24. Griffin induced Terray Sylvester, through his father Frederic Sylvester, to invest $100,000 in Saratoga Avenue. Terray Sylvester is now a part owner of Saratoga Avenue as a result of a nonjudicial foreclosure sale, and is incurring losses by virtue of incomplete construction, an undisclosed first deed of trust, and insufficient value of the property. In addition, Terray Sylvester is incurring legal fees and costs in having to defend related state court litigation that was commenced as a result of alleged fraud and breaches of contract by Griffin.

### Sherie Sylvester

25. Griffin induced Sherie Sylvester to invest $300,000 in Barton Street and $150,000 in a project Griffin refers to as Middle Avenue. Sherie Sylvester is owed the full amount of principal, interest and attorneys' fees on Barton Street and Middle Avenue, and is incurring legal fees and costs in having to defend related state court litigation that was commenced as a result of alleged fraud and breaches of contract by Griffin.

26. Griffin induced Sherie Sylvester to invest $250,000 in Saratoga Avenue. Sherie Sylvester is now a part owner of Saratoga Avenue as a result of a nonjudicial foreclosure sale and is incurring losses by virtue of incomplete construction, an undisclosed first deed of trust, and insufficient value of the property. In addition, Sherie Sylvester is incurring legal fees and costs in having to defend related state court litigation that was commenced as a result of alleged fraud and breaches of contract by Griffin.

27. Griffin induced Sherie Sylvester to invest $500,000 in Sargent Ranch. Sherie Sylvester is owed the full amount of principal, interest and attorneys' fees on Sargent Ranch.

### Jocelyn Sylvester Herail

28. Griffin induced Jocelyn Sylvester Herail to invest $225,000 in Barton Street. Jocelyn Sylvester Herail is owed the full amount of principal, interest and attorneys' fees on Barton Street, and is incurring legal fees and costs in having to defend related state court litigation that was commenced as a result of alleged fraud and breaches of contract by Griffin.

29. Griffin induced Jocelyn Sylvester Herail to invest $500,000 in Sargent Ranch and $500,000 in a project Griffin refers to as La Fayette. Jocelyn Sylvester Herail is owed the full amount of principal, interest and attorneys' fees on each of these loans.

30. In addition, Griffin induced Jocelyn Sylvester Herail to invest $600,000 in a project Griffin refers to as Roddy Ranch, but failed to ensure that her loan was fully secured. Without Jocelyn Sylvester Herail's knowledge or consent, Griffin caused $100,000 of the loan proceeds to be used for unauthorized purposes, and Jocelyn Sylvester Herail thereafter discovered that she was only given a security interest for $500,000 of her loan proceeds, and was then provided an unsecured promissory notes for the balance. Jocelyn Sylvester Herail is owed the full amount of the $100,000 principal balance, plus interest and attorneys' fees.

### FIRST CLAIM FOR RELIEF

**(Money Obtained by False Pretenses - 11 U.S.C. § 523(a)(2))**

31. Plaintiffs reallege paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. Griffin knowingly and intentionally made material misrepresentations, and failed to disclose material information, in the course of inducing the Sylvester Plaintiffs to make each of the above referenced loans.

33. The Sylvester Plaintiffs detrimentally relied on Griffin's false representations and omissions and as a result sustained loss and damage as set forth above.

34. Griffin is indebted to the Sylvester Plaintiffs for obtaining property by false pretenses, false representations, and actual fraud in amounts according to proof.

35. Defendant's debts are nondischargeable under 11 U.S.C. § 523(a)(2).

WHEREFORE Plaintiffs pray for relief as set forth below.

## SECOND CLAIM FOR RELIEF

**(Debts Arising from Debtor's Fraud or Defalcation While Acting as Fiduciary – 11 U.S.C. 523(a)(4))**

36. Plaintiffs reallege paragraphs 1 through 30 of this complaint as though fully set forth herein.

37. As the Sylvester Plaintiffs' private lending mortgage broker, Griffin has placed and serviced a substantial amount of loans from the Sylvester Plaintiffs to third party real estate purchasers and developers, for which Griffin charges and receives fees. The Sylvester Plaintiffs relied on Griffin to look after their best interests in the course of making loans. In this way, the Sylvester Plaintiffs trusted Griffin to represent him carefully and honestly in the course of their business dealings. As a result, Griffin owed the Sylvester Plaintiffs fiduciary duties of fairness, honest, good faith and full disclosure to the Sylvester Plaintiffs of any and all matters pertaining to the Sylvester Plaintiff's financial matters.

38. Griffin breached the fiduciary duties he owed the Sylvester Plaintiffs as set forth above.

39. Griffin is indebted to the Sylvester Plaintiffs on debts for fraud and defalcation while acting in a fiduciary capacity in an amount according to proof.

40. Griffin's debts to the Sylvester Plaintiffs are nondischargeable under 11 U.S.C. § 523(a)(4).

WHEREFORE Plaintiffs pray for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. On all Claims for Relief, for a determination that Defendant's debts to the Sylvester Plaintiffs are nondischargeable in an amount according to proof.

2. For reasonable costs and attorneys' fees.

3. For such other and further relief as the Court may deem just and proper.

Dated: August 15, 2008　　　　　　　　　　FRIEDMAN DUMAS & SPRINGWATER LLP


By: */s/ Cecily A. Dumas*
　　　Cecily A. Dumas

　　　and

　　　Robert N. Phillips
　　　Jayne Laiprasert
　　　Howrey LLP

　　　Attorney for Plaintiffs
　　　FREDERIC SYLVESTER, CHEYENNE SYLVESTER, TERRAY SYLVESTER SHERIE SYLVESTER, and JOCELYN SYLVESTER HERAIL