**EXHIBIT A**

# FIRST BLACKHAWK FINANCIAL CORP.
4145 Blackhawk Plaza Circle
Danville, CA 94506

## PROMISSORY NOTE SECURED BY DEED OF TRUST
**(This Note contains an Acceleration Clause)**

$100,000.00                          Danville, California                          July 5, 2006

In installments as herein stated, for value received, Greg Griffin, the undersigned, promise to pay to: Frederic Sylvester, Trustee, or order, at a place that may be designated by the Beneficiary, the sum of: $100,000.00, One Hundred Thousand exactly with interest from the above date of funding on the unpaid principal at the rate of 12.000% percent per annum, payable in one (1) installment of $12,000.00 at maturity, 7/5/2007, at which time all sums of principal and interest then remaining unpaid shall be due and payable in full. Interest shall be calculated on a 360-day year and on an ordinary annuity calculation basis. Each payment shall be credited first on interest then due and the remainder on principal; and interest shall thereupon cease upon the principal so credited.

Upon default in any payment of any installment, then the balance of this obligation shall become due immediately at the option of the Holder hereof. Principal and interest payable in lawful money of the United States of America. Except where federal law is applicable, this Note shall be construed and enforceable according to the laws of the State of California for all purposes. Time is of the essence for each and every obligation under this Note.

---

**THE FOLLOWING PROVISIONS MAY RESULT IN THE COMPOUNDING OF INTEREST ON YOUR LOAN**

**At the option of the Beneficiary, If any payment should be Insufficient to pay the interest then due, the balance of interest remaining shall be added to principal and will bear interest at the Note rate as the principal.**

**At the option of the Beneficiary, If any principal and/or interest installments, late charges, advances and/or costs should be repaid through or by any forbearance, bankruptcy plan or similar repayment plan, the total sum of these amounts will bear interest at the Note rate from the date due or advanced until the date repaid.**

---

If this Note is not paid when due I promise to pay, in addition to the principal and interest due under this Note, all costs of collection and any reasonable attorney's fees incurred by the Beneficiary thereof on account of such collection, whether or not suit is filed hereon. Each Borrower consents to renewals, replacements, and extensions of time for payment hereof before, at, or after maturity; consents to the acceptance of security for this Note and waives demand, protest and any applicable statute of limitations.

If any installment due hereunder is delinquent more than 10 days, the Borrower to this Note agrees to pay a late charge on each installment of $3,000.00 or 10.00% of the delinquent payment, whichever is larger. All late charges are to be paid immediately on demand.

In addition, if any balloon payment is delinquent more than 10 days, the Borrower to this Note agrees to pay a late charge equivalent to the maximum late charge which could be assessed on the largest single regular installment due under this note. This late charge on the balloon payment is to continue to be assessed for each subsequent period of time equal to the regular installment period under this note until the balloon payment and all other fees, interest and charges due under this note are paid in full.

Borrower and Beneficiary agree that it would be difficult to determine the actual damages to the Beneficiary or Beneficiaries agent for the return of an unpaid check provided by Borrower. It is hereby agreed that Borrower will pay the sum equal to 5% of the amount returned or $25.00, whichever is greater. However, in any event the maximum charge for an unpaid check is not to exceed the sum of $25.00. This amount is in lieu of any statutory monetary penalty, if any, however, Beneficiary does not waive any other rights that may be awarded under any statute.

The holder of this Note shall have the right to sell, assign, or otherwise transfer, either in part or in its entirety, this Note, the Deed of Trust, and other instrument evidencing or securing the indebtedness of this Note to one or more investors without Borrower's consent.

The principal and accrued interest on this loan may be prepaid in whole or in part at any time but a prepayment made within -0- years -0- months of the date of execution shall be subject to the following prepayment charge, whether such prepayment is voluntary, involuntary or results from default in any term of this Note or the Deed of Trust by which it is secured:

**THIS NOTE DOES NOT CONTAIN A PREPAYMENT PENALTY.**

This Note and all of the covenants, promises and agreements contained in it shall be binding on and inure to the benefit of the respective legal and personal representatives, devisees, heirs, successors, and assigns of the Borrower and the Beneficiary.

This Note is secured by a Deed of Trust of even date herewith which contains the following provision:

In the event of sale or transfer, conveyance or alienation of said real property, or any part thereof, or any interest therein, whether voluntary or involuntary, Beneficiary shall have the right of acceleration, at it's option, to declare the Note secured by the Deed of Trust, irrespective of the maturity date expressed therein, and without demand or notice, immediately due and payable. No waiver of this right shall be effective unless it is in writing. Consent by the Beneficiary to one such transaction shall not constitute waiver of the right to require such consent to succeeding transactions.

This Note is secured by a Deed of Trust to PLACER TITLE COMPANY, as Trustee.

First Blackhawk Financial Corp.

_____          7/5/06
Greg Griffin, CEO                           Date

DO NOT DESTROY THIS NOTE: When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation, before reconveyance will be made.

NOTE-2.DOC

**EXHIBIT B**

# First Blackhawk Financial Corp.
4145 Blackhawk Plaza Circle
Danville, CA 94506

## PROMISSORY NOTE SECURED BY DEED OF TRUST
(This Note contains an Acceleration Clause)

Date of Funding: July 5, 2006

$150,000.00            Danville, California

In installments as herein stated, for value received, First Blackhawk Financial Corp., the undersigned, promise to pay to: Frederic Sylvester, Trustee, or order, at a place that may be designated by the Beneficiary, the sum of: $150,000.00 (One Hundred Fifty Thousand and no/100 Dollars) with interest from the above date of funding on the unpaid principal at the rate of 12.0% percent per annum, payable in one (1) installment of $18,000.00 at maturity, ~~7/5/2007~~, at which time all sums of principal and interest then remaining unpaid shall be due and payable in full. Interest shall be calculated on a 360-day year and on an ordinary annuity calculation basis. Each payment shall be credited first on interest then due and the remainder on principal; and interest shall thereupon cease upon the principal so credited.

Upon default in any payment of any installment, then the balance of this obligation shall become due immediately at the option of the Holder hereof. Principal and Interest payable in lawful money of the United States of America. Except where federal law is applicable, this Note shall be construed and enforceable according to the laws of the State of California for all purposes. Time is of the essence for each and every obligation under this Note.

---

**THE FOLLOWING PROVISIONS MAY RESULT IN THE COMPOUNDING OF INTEREST ON YOUR LOAN**

**At the option of the Beneficiary, if any payment should be insufficient to pay the interest then due, the balance of interest remaining shall be added to principal and will bear interest at the Note rate as the principal.**

**At the option of the Beneficiary, if any principal and/or interest installments, late charges, advances and/or costs should be repaid through or by any forbearance, bankruptcy plan or similar repayment plan, the total sum of these amounts will bear interest at the Note rate from the date due or advanced until the date repaid.**

---

If this Note is not paid when due I promise to pay, in addition to the principal and interest due under this Note, all costs of collection and any reasonable attorney's fees incurred by the Beneficiary thereof on account of such collection, whether or not suit is filed hereon. Each Borrower consents to renewals, replacements, and extensions of time for payment hereof before, at, or after maturity; consents to the acceptance of security for this Note and waives demand, protest and any applicable statute of limitations.

If any installment due hereunder is delinquent more than 10 days, the Borrower to this Note agrees to pay a late charge on each installment of $150.00 or 10.0% of the delinquent payment, whichever is larger. All late charges are to be paid immediately on demand.

In addition, if any balloon payment is delinquent more than 10 days, the Borrower to this Note agrees to pay a late charge equivalent to the maximum late charge which could be assessed on the largest single regular installment due under this note. This late charge on the balloon payment is to continue to be assessed for each subsequent period of time equal to the regular installment period under this note until the balloon payment and all other fees, interest and charges due under this note are paid in full.

Borrower and Beneficiary agree that it would be difficult to determine the actual damages to the Beneficiary or Beneficiaries agent for the return of an unpaid check provided by Borrower. It is hereby agreed that Borrower will pay the sum equal to 5% of the amount returned or $25.00 whichever is greater. However, in any event the maximum charge for an unpaid check is not to exceed the sum of $25.00. This amount is in lieu of any statutory monetary penalty, if any, however, Beneficiary does not waive any other rights that may be awarded under any statute.

The holder of this Note shall have the right to sell, assign, or otherwise transfer, either in part or in its entirety, this Note, the Deed of Trust, and other instrument evidencing or securing the indebtedness of this Note to one or more investors without Borrower's consent.

The principal and accrued interest on this loan may be prepaid in whole or in part at any time but a prepayment made within ___ years ___ months of the date of execution shall be subject to the following prepayment charge, whether such prepayment is voluntary, involuntary or results from default in any term of this Note or the Deed of Trust by which it is secured:

    THIS PROMISSORY NOTE DOES NOT CONTAIN A PREPAYMENT PENALTY.

This Note and all of the covenants, promises and agreements contained in it shall be binding on and inure to the benefit of the respective legal and personal representatives, devisees, heirs, successors, and assigns of the Borrower and the Beneficiary.

This Note is secured by a Deed of Trust of even date herewith which contains the following provision:

    In the event of sale or transfer, conveyance or alienation of said real property, or any part thereof, or any interest therein, whether voluntary or involuntary, Beneficiary shall have the right of acceleration, at it's option, to declare the Note secured by the Deed of Trust, irrespective of the maturity date expressed therein, and without demand or notice, immediately due and payable. No waiver of this right shall be effective unless it is in writing. Consent by the Beneficiary to one such transaction shall not constitute waiver of the right to require such consent to succeeding transactions.

This Note is secured by a Deed of Trust to <u>PLACER TITLE COMPANY</u>, as Trustee.

_____        7/5/2006_____
Gregory F. Griffin                                                                      Date

DO NOT DESTROY THIS NOTE: When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation, before reconveyance will be made.

NOTE-2.DOC

**EXHIBIT C**



Recording Requested By:

When Recorded Mail To:

FIRST BLACKHAWK FINANCIAL CORP.
4145 Blackhawk Plaza Circle
Danville, CA 94506

(This space for recorders use only)

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
(This Deed of Trust contains an Acceleration Clause)

This DEED OF TRUST made July 5, 2006, between: Greg Griffin, herein called TRUSTOR(S), whose address is: C/O 4145 Blackhawk Plaza Circle, Danville, CA 94506 and PLACER TITLE COMPANY called TRUSTEE, and Frederic Sylvester, Trustee, herein called BENEFICIARY;
WITNESSETH: The Trustor irrevocably GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE in trust, with POWER OF SALE, that property in the State of Nevada, in the City of Incline Village, County of Washoe, described as:

APN: 131-012-48  (AKA 678 - 14th Green Drive, Incline Village, NV 89451)

Together with the rents, issues and profits thereof, together with all rights and interest of Trustor, to all appurtenances, easements, community interests and licenses, and to oil, mineral, gas, water, water certificates, and hydrocarbon rights, leases, and overriding royalties therein, and all of these, whether appurtenant, riparian or appropriative. SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph 11 of the provisions incorporated by reference herein, to collect and apply such rents, issues and profits.
FOR THE PURPOSE OF SECURING:
(1) Performance of each agreement of Trustor incorporated by reference or contained herein;
(2) Payment of the indebtedness evidenced by one promissory note of even date herewith any amounts that may become due thereunder, and all extensions, modifications, or renewals thereof, in the principal sum of $250,000.00 executed by Trustor and payable to Beneficiary or order;
(3) Payment of all sums of money, with interest thereon, which may be paid out or advanced by or may otherwise be due to Trustee or Beneficiary under any provision of this Deed of Trust.
In the event of sale or transfer, conveyance or alienation of said real property, or any part thereof, or any interest therein, whether voluntary or involuntary, Beneficiary shall have the right of acceleration, at its option, to declare the Note secured by the Deed of Trust, irrespective of the maturity date expressed therein, and without demand or notice, immediately due and payable. No waiver of this right shall be effective unless it is in writing. Consent by the Beneficiary to one such transaction shall not constitute waiver of the right to require such consent to succeeding transactions.



To Protect the security of this Deed of Trust, and with respect to the property described above, Trustor expressly makes each of all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth as follows:

1. To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon; to keep all buildings, structures and other improvements now or hereafter situated on the above described property at all times entirely free of dry rot, fungus, rust, decay, termites, beetles, and any other destructive insects or elements; to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune, and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general. Either Beneficiary or Trustee, or both, at any time during the continuation of this Deed of Trust, may enter upon and inspect said property, provided such entry is reasonable as to time and manner.

2. To provide, maintain and deliver to Beneficiary fire insurance satisfactory and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, or in any action or proceeding instituted by Beneficiary or Trustee to protect or enforce the security of this Deed of Trust or the obligations secured hereby.

4. To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

5. Should Trustor fail to make any payments or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

6. To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the rate prescribed in the Note. Should any additional funds be advanced on any note secured by a trust deed now of record, or should any change be made in the time or manner of paying such note, or should any other action be taken by the undersigned with respect to such note whereby the security herein provided for shall be impaired in any manner whatsoever, then the Note secured hereby shall, at the option of the lender, immediately become due and payable.

7. Any award of damages or sums received in settlement in connection with any condemnation for public use of or any injury to said property or any part thereof from any cause, is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

8. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

Notwithstanding any provision herein or in the Note secured hereby to the contrary, Beneficiary or Trustee shall have the absolute right to direct the manner, order and amount in which payments shall be applied upon or allocated among the various items composing Trustor's indebtedness secured hereby.

In the event of default in the payment of any of the moneys to be paid under the terms of the Note(s) secured hereby or in the performance of any of the covenants and obligations of this Deed of Trust, then any funds in the possession of the Beneficiary, or other credits to which the Trustor would otherwise be entitled may, at the option of the Beneficiary, be applied to the payment of any obligation secured hereby in such order as the Beneficiary may, in its sole discretion determine.

9. At any time or from time to time, without liability therefor and without notice upon written request of Beneficiary and presentation of this Deed of said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee.

10. Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". The Trustee may destroy said Note, this Deed of Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

11. As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, from time to time, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time and from time to time without notice, either in person or by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, an in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

12. Upon default by trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Beneficiary also shall deposit with trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee,



without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

13. This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural. As used herein, "fixtures" includes but is not limited to carpeting, built-in appliances, draperies and drapery rods, shrubs, water tanks, plumbing, machinery, air conditioners, ducts, and the like.

14. Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

15. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.

Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

If Notice of default shall have been recorded, this power of substitution cannot be exercised until after the costs, fees and expenses of the then acting Trustee shall have been paid to such Trustee, who shall endorse receipt thereof upon such instrument of substitution. The procedure herein provided for substitution of Trustees shall not be exclusive of other provisions for substitution provided by law.

16. Trustor agrees to pay Beneficiary the maximum legal charge for a statement regarding the Trust Deed obligation herein.

17. Acceptance by Beneficiary of a partial payment on account, after Notice of Default has been recorded, shall not be construed as curing the default nor as a waiver of past or future delinquencies of Trust Deed payment.

18. If the security under this Deed of Trust is a condominium or a community apartment or planned development project, Trustor agrees to perform each and every obligation of the owner of such condominium or interest in such project under the declaration of covenants, conditions and restrictions or bylaws or regulations pertaining to such condominium or project. Upon the request of Beneficiary, Trustor agrees to enforce against other owners in such condominium or project each and every obligation to be performed by them, if the

same have not been performed or if valid legal steps have not been taken to enforce such performance within ninety (90) days after such request is made.

19. If the security for this Deed of Trust is a leasehold estate, Trustor agrees not to amend, change or modify his leasehold interest, or any of the terms thereof, or agree to do so, without the written consent of Beneficiary being first obtained. In the event of a violation of this provision, Beneficiary shall have the right, at its option, to declare all sums secured hereby immediately due and payable.

20. THE FOLLOWING PROVISIONS MAY RESULT IN THE COMPOUNDING OF INTEREST ON YOUR LOAN: At the option of the Beneficiary, if any payment should be insufficient to pay the interest then due, the balance of interest remaining shall be added to principal and will bear interest at the Note rate as the principal.

At the option of the Beneficiary, if any principal and/or interest installments, late charges, advances and/or costs should be repaid through or by any forbearance, bankruptcy plan or similar repayment plan, the total sum of those amounts will bear interest at the Note rate from the date due or advanced until the date repaid.

21. ☐ MULTIPLE LENDER LOANS: Pursuant to Civil Code Section 2941.9, this deed of trust is subject to a signed agreement between all of the beneficiaries to be governed by the beneficiaries holding more than 50% of the record beneficial interest.

The undersigned Trustor(s), requests that a copy of any Notice of Default and any Notice of Sale hereunder be mailed to him/at his address hereinbefore set forth.

_____    7-5-06
Greg Griffin - Borrower

STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA   SS.

On November 17, 2006 before me, Pamela R. Babb, a notary public, Greg Griffin personally appeared personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary's Signature

Pamela R. Babb

(This area for official notarial seal)



PAMELA R. BABB
Commission # 1421491
Notary Public - California
Contra Costa County
My Comm. Expires Jun 1, 2007

Case: 08-04236   Doc# 1-1   Filed: 08/15/08   Entered: 08/15/08 18:34:33   Page 12 of 12